UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE E. LOVEALL, ET AL.                      CIVIL ACTION

VERSUS                                        NO: 16-724

NORDIC UNDERWATER SERVICES,                   SECTION: "A" (3)
INC., ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Intervention and Third Party Complaint (Rec. Doc. 15)** filed by The American Longshore Mutual Association ("ALMA"). Intervenor MEL Underwriters opposes the motion. The motion, noticed for submission on August 10, 2016, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I.    BACKGROUND

Dale E. Loveall, Jr. filed this lawsuit for injuries that he allegedly sustained working aboard the M/V AMERICAN 12. Loveall claims that he is a Jones Act seaman and he has filed suit under the Jones Act and general maritime law against his employers, Nordic Underwater Services and AMI Consulting Engineers. In the event that Loveall is not a Jones Act seaman, Loveall has pleaded in the alternative a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA").

Nordic's LHWCA carrier is ALMA. MEL Underwriters is Nordic's maritime employer's insurer. MEL Underwriters has voluntarily paid maintenance and cure to Loveall even though it disputes whether Loveall is actually a Jones Act seaman.

Neither Loveall nor any defendant brought either of these insurers into this case. Instead, on June 9, 2016, counsel for Nordic, who also represents MEL Underwriters, attempted to file into the record an Intervention and Third Party Complaint on behalf of MEL Underwriters. (Rec. Doc. 10). The Clerk of Court struck that pleading because leave of court had not been requested or granted. The next day, MEL Underwriters was granted leave to Intervene and file its Third Party Complaint against ALMA.[1] (Rec. Docs. 11, 12, & 13). MEL Underwriters asserted that the intervention was appropriate under Rule 24(a)(2) because MEL sought to recoup the maintenance and cure funds that it paid to Loveall in the event it is determined that Loveall is not a Jones Act seaman. (Rec. Doc. 13). If Loveall is not a seaman after all, MEL Underwriters contends that ALMA, Nordic's LHWCA carrier, should have been paying Loveall's medical expenses and worker's comp benefits all along, and therefore ALMA must reimburse MEL Underwriters. Thus, MEL Underwriters brought ALMA in as a third party defendant.

ALMA now moves to dismiss the intervention and third party demand arguing *inter alia* that MEL Underwriters improperly intervened in this lawsuit and that the Court lacks subject matter jurisdiction over MEL Underwriters' claim against ALMA.

## II.    DISCUSSION

The Court begins by assuming for the sake of argument two legal points that the parties have mired themselves in unnecessarily. First, the Court assumes that if it is determined that Loveall is not a Jones Act seaman then MEL Underwriters will have a

---

[1] The motion was not opposed by any of the existing parties given that MEL was not attempting to assert a claim against any of them.

reimbursement claim against ALMA. Second, the Court will assume that any such

reimbursement claim against ALMA is not one subject to the exclusive jurisdiction of

either the Office of Workers' Compensation Programs or the Louisiana Office of

Workers' Compensation Administration. In other words, if MEL Underwriters were to

establish that a federal court has original jurisdiction over its reimbursement claim then

there is no statutory bar to bringing the claim in a federal court. With these two issues

out of the way, the Court turns its attention to the determinative question of whether the

intervention itself was appropriate under Rule 24(a)(2).[2]

Federal Rule of Civil Procedure 24(a)(2), entitled Intervention of Right, states in

relevant part:

> On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> claims an interest relating to the property or transaction that is the subject
> of the action, and is so situated that disposing of the action may as a
> practical matter impair or impede the movant's ability to protect its interest,
> unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.

The parts of the intervention test pertinent to this case are 1) an interest relating

to the action, 2) that would be impaired or impeded by the case, 3) that is not adequately

represented by the existing parties.[3]  *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247

(5th Cir. 2009) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)). To

---

[2] The propriety of the intervention is clearly the seminal issue that drives the analysis because
even if subject matter jurisdiction exists, it cannot cure the procedural problem that arises when
an intervention does not comport with Rule 24. *See Howse v. S/V CANADA GOOSE I*, 641 F.2d
317 (5th Cir. 1981) (vacating a final judgment entered on a claim asserted in an intervention that
did not comport with Rule 24 even though the court clearly had subject matter jurisdiction).

[3] No party has challenged the timeliness of the intervention.

support intervention as of right, the movant must show that it has a "direct, substantial, legally protectable interest in the action, meaning 'that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant.'" *Id.* (quoting *Cajun Elect. Power Coop. v. Gulf States Utils., Inc.*, 940 F.2d 117, 119 (5th Cir. 1991) (emphasis in original)). Moreover, an economic interest alone is not a legally sufficient interest for intervention under Rule 24(a)(2), and such intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action. *In re Lease Oil*, 570 F.3d at 251 (quoting *NOPSI v. United Gas Pipe Line Co.*, 732 F. 2d 452, 466 (5th Cir. 1984) (en banc)).

The main demand in this case—over which the Court has original jurisdiction grounded in admiralty—is Loveall's Jones Act claim against Nordic. Undisputedly, MEL Underwriters does not have a direct, substantial, legally protected interest in Loveall's case. MEL Underwriters will have no rights to assert against any recovery that Loveall obtains on his Jones Act claim because success on the Jones Act claim implies that MEL Underwriters was properly paying benefits all along, and therefore has no lien on the settlement proceeds.

MEL Underwriters' reliance on *Chenevert v. Travelers Indemnity Co.*, 746 F.3d 581 (5th Cir. 2014), is misplaced because the intervenor in that case had a subrogation lien on the Jones Act settlement proceeds. That lien arose because the intervenor had paid LHWCA benefits to the plaintiff, and the payment of those benefits was inconsistent with seaman status. The intervenor therefore had a right to recoup from the plaintiff's recovery the LHWCA benefits that it had paid. The intervenor's interest in the main demand was therefore direct and substantial, and the sole means for the

intervenor to efficaciously execute its lien was to intervene in the Jones Act plaintiff's case. MEL Underwriters is not similarly situated to the intervenor in *Chenevert* because if Loveall prevails on his Jones Act claim then MEL Underwriters has no subrogation lien.

Although MEL Underwriters may potentially benefit from an adverse ruling on seaman status, MEL Underwriters' interest in the main demand is indirect, solely economic in nature, and completely tangential to the main demand. This is borne out by the fact that MEL Underwriters insinuated itself into this case not to assert a claim against any existing party but rather to pursue a new independent claim against a non-party. MEL Underwriters has no right to litigate seaman status in Loveall's case beyond what its own insured — who is represented by the same attorney and who more than adequately can protect its interests — is already doing. The intervention in this case serves only to add new issues to an existing case, and the issues to be added need not be litigated as part of Loveall's case. And crucially, to the extent that MEL Underwriters would have a reimbursement claim, that claim would only arise when and if Loveall is determined not to be a seaman. MEL Underwriters cannot intervene in this case to prosecute a claim that has not even accrued and may never accrue. Simply, MEL Underwriters is an interloper in this case and the intervention is not proper.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Intervention and Third Party Complaint (Rec. Doc. 15)** filed by The American Longshore Mutual Association is **GRANTED**. The Intervention and Third Party Complaint filed by MEL Underwriters is **DISMISSED**. MEL Underwriters is terminated as a party to this case

and all claims against ALMA are dismissed.

August 19, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE